Law Offices of
**KAREN L. GRANT**
State Bar No. 122084
924 ANACAPA STREET,
SUITE 1M
Santa Barbara, CA 93101
(805) 962-4413

Attorneys for Secured Creditor Cardenas Three LLC

### IN THE UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Corp Realty USA LLC,<br><br>　　　　Debtor. | CASE NO 9:18-bk-10741-DS<br>(Chapter 11)<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY SECURED CREDITOR CARDENAS THREE LLC**<br><br>DATE: June 19, 2018<br>TIME: 11:30 a.m.<br>PLACE: 201<br>　　　　1415 State Street<br>　　　　Santa Barbara, CA 93101 |

Movant, Cardenas Three LLC ("Movant") respectfully submits the following reply to the opposition to the motion for relief from the automatic stay filed by the Debtor Corp Realty USA, LLC.

**1.　The Motion is not premature.**

11 U.S.C § 362(d) provides the grounds under which the court shall grant relief from stay. It provides that the court "shall" grant relief, for example, by terminating, annulling, modifying or conditioning the stay "for cause, including the lack of adequate protection of an interest in property." In addition, the court "shall" grant relief from the stay of an act against property if the debtor has no equity in the property and the property is not necessary for an effective reorganization. Finally, when the

property at issue is a single asset real estate case as defined in section 101, relief must be granted after the latest of (1) 90 days after the order for relief, (2) such longer period as the court determines during the initial 90-day period or (3) 30 days after the court determines that the debtor is subject to the single asset real estate provisions, unless the debtor has filed a reorganization plan that has a reasonable possibility of being confirmed within a reasonable time, or the debtor has commenced monthly payments equal to interest at the then applicable nondefault contract rate of interest on the value of a consensual lien creditor's interest in the property. 3 Collier on Bankruptcy P 362.07 (16th 2018)

The Debtor argues that this is a single asset real estate case and that this motion is premature because Movant is limited to seeking relief under 11 U.S.C. §362(d)(3) and must wait to file this motion after the 90-day period expires. This is an incorrect reading of 11 U.S.C. §362(d). Movant has sought relief from stay under §362(d)(1) and (2) and is not required to wait to seek relief under §362(d)(3).

Movant has submitted evidence in the form of an appraisal prepared by Bert Camp on March 27, 2018, less than a month and half prior to the filing of this case, in which Mr. Camp determined that the value of the property located at 10936 Pacific View Drive, Malibu California ("Property") was $3,750,000. (See Exhibit "D" to the Declaration of Bert Camp in support of the Motion). Based on that valuation evidence, this Court should find that: (A) Movant is entitled to relief from stay under §362(d)(1) for "cause" as Movant's junior lien position is not adequately protected by a sufficient equity cushion and (B) that the Debtor lacks equity in the Property after costs of sale are taken into account and is

therefore also entitled to relief under §362(d)(2). Without equity, the Property is not necessary for the Debtor's reorganization in this case. Movant is not required to wait for ninety days to see if the Debtor makes payments to both the first and second deed of trust holders. In fact, it is clear from the opposition filed by the Debtor that it has no intentions of making such monthly payments. Under the circumstances and based on the evidence submitted in support of the motion, the motion is not premature.

2. **Movant is not adequately protected and the Debtor has no equity in the Property.**

The valuation evidence demonstrates that the value of the Property is $3,750,000. The total debt as of the filing date to the first trust deed holder, Movant and real property taxes totaled $3,416,712.45. The equity cushion remaining of $337,287 totals only .08% of the fair market value of the property and is virtually wiped away by the estimated selling costs.

The Court should disregard the declaration of Andrea Yates in support of the Debtor's opposition in which she testifies that in her opinion the fair market value of the Property is between $8-13 million. Ms. Yates is a California real estate agent. She is not a qualified real estate appraiser and therefore does not have the knowledge, skill, experience, training or education to render an opinion of the value of the Property. It is worth noting that on page 3 of Bert Camp's appraisal he indicates that he interviewed Ms. Yates in conjunction with the preparation of his appraisal and that she indicated to him that in her opinion the current value of the Property was between $4,000,000 to $5,000,000. In her declaration, Ms. Yates now denies she told anyone that the value of the property was $4,000,000.

Contrary to the unsupported statements in the opposition, Movant retained Mr. Camp to prepare an appraisal for the Property in conjunction with its decision to "buy out" the senior lender BofI Federal Bank in order to protect its junior position in the Property. After considering the relevant comparable properties and current market conditions, Mr. Camp determined the current fair market value for the Property is $3,750,000. (See page 26 of appraisal in which Mr. Camp notes that "supply is starting to outweigh demand with pressure being placed on value"). While likewise disturbed with the current fair market value of the Property, Movant is particularly concerned with the Debtor's apparent intention to "park" this Property in this Chapter 11 while it pursues state court litigation it has initiated against Movant and others, without making any adequate protections payments to Movant or the senior lienholder. The Debtor's stated "plan" in this case will further erode and jeopardize Movant's position.

The Declaration of Edgard Meinhardt states that the Property is fully insured, however, the insurance declaration attached as Exhibit "B" is dated December 7, 2016 and indicates that the insurance expired on April 4, 2017. The Debtor has not provided evidence of current insurance.

3.    **Without Adequate Protection, Relief from Stay Must Be Granted.**

The appraisal evidence in support of the motion provides sufficient evidence to support this Court's determination that Movant is not adequately protected. Notwithstanding that evidence, the Debtor argues Movant should not be granted relief from stay nor the Debtor be ordered to make adequate protection payments to the lenders based on the Debtor's dispute of the amount owed to Movant

(alleging that it received $100,000 less under the $600,000 loan). While Movant disputes the Debtor's allegation that it did not fund the full $600,000 loan, Movant would still be entitled to either relief from stay or adequate protection payments even assuming for argument's sake its loan was $100,000 less. Based on the $3,750,000 appraisal, the equity cushion in the property, after taking into account selling costs, would be between 2 to 3% even with an additional $100,000 added to the current equity cushion. The Debtor's allegations do not support a denial of relief from stay or relief from the requirement to make adequate protection payments to Movant.

4. **The Petition was filed in bad faith as a litigation tactic.**

The petition filed in this case lists only the principals of the Debtor Edgard Meinhardt-Iturbe and Reinaldo E. Gonzalez Saurez as the sole unsecured creditor in this case based on a "personal loan" to the Debtor of approximately $2,082,000. Both Mr. Meinhardt-Iturbe and Mr. Gonzalez Saurez are listed as holding a 50% interest in the Debtor in section 28 of the Statement of Financial Affairs. The only remaining creditors of this case consist of the secured lenders, namely, BofI Federal Bank, Movant and the Ventura Tax Collector. The opposition filed to the motion does not propose to either list the Property for sale or make adequate protection payments to the secured lenders.

Bankruptcy courts typically look for and find more than one of the following factors before making a finding of bad faith in a chapter 11 case:

(1) the debtor has one asset;

(2) the pre-petition conduct of the debtor has been improper;

Law Offices of
KAREN L. GRANT
205 East Figueroa Street
Santa Barbara, CA 93101

5

(3) there are only a few unsecured creditors;

(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(6) the filing of the petition effectively allows the debtor to evade court orders;

(7) the debtor has no ongoing business or employees; and

(8) the lack of possibility of reorganization.

*Grego v. United States Tr.*, 2015 Bankr. LEXIS 1792, (9th Cir. BAP 2015); *In re Laguna Assoc. Ltd. P'ship*, 30 F.3d 734, 738(6th Cir. 1994); *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)* 779 F2d 1068, 1072 (5th Cir. 1986); *Can-Alta Props., Ltd. v. State Say. Mortg Co. (In re Can-Alta Props. Ltd.)* 87 B.R. 89,91 (9th Cir. BAP 1988)

As set forth herein, there are a number of factors present in this case to support a finding of bad faith. These include (but are not limited by): (1) the debtor has one asset; (2) the debtor has no other unsecured debt other than a "loan" from the Debtors insiders; (3) a foreclosure proceeding is pending by Movant which the Debtor had been unsuccessful in defending against in state court; (4) the debtor has no ongoing business or employees; (5) the lack of possibility of reorganization.

It is clear that the Debtor filed this case as a litigation tactic to stall Movant's foreclosure proceeding and to preclude the necessity of the Debtor having to obtain a bond to obtain an injunction in its state court proceeding to prevent Movant's foreclosure. Under the circumstances, relief from stay should be granted due to the filing of this case in bad faith by the Debtor.

**5.    Waiver of the 14-day stay.**

Pursuant to Rule 4001(a)(3) the order granting a motion for relief from stay in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the

Law Offices of
KAREN L. GRANT
205 East Figueroa Street
Santa Barbara, CA 93101

Case 9:18-bk-10741-DS    Doc 25    Filed 06/12/18    Entered 06/12/18 12:01:51    Desc
Main Document      Page 7 of 9

court orders otherwise.  Accordingly, this Court has the authority to waive the 14-day stay when requested.

### 6. Conclusion

Movant should be granted relief from the automatic stay to pursue its foreclosure rights "for cause, including the lack of adequate protection of an interest in property." In addition, relief from stay is appropriate as the debtor has no equity in the Property and the Property is not necessary for an effective reorganization.  Furthermore, the Debtor has acknowledged that this is a single asset real estate case but has stated its intention not to make adequate protection payments as required under 11 U.S.C. §362(d)(3).  Should this court wish to allow the Debtor further time to obtain an appraisal of the Property, the Debtor should be required to make adequate protection payments as a precondition for any request for a continuance of this hearing.

Respectfully submitted.

DATED: June 12, 2018          LAW OFFICES OF KAREN L. GRANT

By: _____
Karen L. Grant
Attorneys for Movant
Cardenas Three LLC

Law Offices of
KAREN L. GRANT
205 East Figueroa Street
Santa Barbara, CA 93101

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
924 Anacapa Street, Suite 1M, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY SECURED CREDITOR CRDENAS THREE LLC

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/12/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeffrey D Cawdrey**   jcawdrey@grsm.com, jmydlandevans@grsm.com;madeyemo@gordonrees.com;sdurazo@grsm.com
- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Karen L Grant**   kgrant@silcom.com
- **Coby Halavais**   coby@halavaislaw.com
- **Sejal Parmar**   sparmar2@aissolution.com
- **Todd L Turoci**   mail@theturocifirm.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 6/12/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 5/25/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/12/2018 | Karen L. Grant | /s/ Karen L. Grant |
|---|---|---|
| Date | Printed Name | Signature |

Service List

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

In re Corp Realty USA LLC
9:18-bk-10741-DS

Corp Realty USA LLC
9663 Santa Monica Blvd., #590
Beverly Hills, CA 90210

BofI Federal Bank
Attn: Gregory Garrabants, CEO
4350 La Jolla Village Dr., Ste 140
San Diego, CA 92122

Ventura County Tax Collector
800 South Victoria Avenue
Ventura, CA 93009

Edgard A. Meinhardt Iturbe
Reinaldo E. Gonzalez Suarez
9663 Santa Monica Blvd. #590
Beverly Hills, CA 90210

Franchise Tax Board
Bankruptcy Section MS:A-340
P.O. Box 3952
Sacramento, CA 95812-2952

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE