**THE TUROCI FIRM**
Todd L. Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CORP REALTY USA, LLC,<br><br>    Debtor and Debtor In Possession. | ) Chapter 11<br>)<br>) Case No. 9:18-bk-10741DS<br>)<br>) **NOTICE OF AND MOTION FOR ORDER**<br>) **AUTHORIZING DEBTOR IN POSSESSION**<br>) **TO EMPLOY LAW OFFICE OF**<br>) **ALEXANDRIA C. PHILLIPS AS SPECIAL**<br>) **COUNSEL; DECLARATION OF EDGARD**<br>) **MEINHARDT; AND DECLARATION OF**<br>) **ALEXANDRIA C. PHILLIPS IN SUPPORT**<br>) **THEREOF**<br>)<br>) [No Hearing Unless Requested]<br>) L.B.R. 2014-1<br>)<br>) |

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

    **CORP REALTY USA, LLC,** Debtor and Debtor in possession herein ("Debtor"), for the Chapter 11 estate in the above-reference bankruptcy case, hereby applies to this Court for an order authorizing it to employ Law Office of Alexandria C. Phillips ("Special Counsel") as special counsel.

    *Pursuant to Local Bankruptcy Rule 9013-1(o) any opposition to this Motion must be filed and served on Movant's counsel and the United States Trustee within 14 days of the date of service*

*of this Notice of Motion and Motion, plus an additional three days unless this Notice of Motion and Motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B). Failure to file and serve a timely response to this Motion may result in a waiver of your right to oppose the Motion and the Court may grant the Motion as requested without further notice to you.*

Debtor respectfully represents as follows:

1.      This case was commenced on May 10, 2018, when Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      On or about December 2016, the Debtor executed a note secured by a second deed of trust in favor of Cardenas Three, LLC ("Cardenas") in the amount of $600,000.  Declaration of Edgard Meinhardt, attached hereto.  The Debtor was to receive approximately $500,000 net proceeds from the loan.  *Id.*  After the loan funded, Debtor was wired $398,969.17; $100,000 less than expected.  *Id.*  Debtor contacted escrow and was told that the remaining $100,000 would be coming in a second wire.  *Id.*  Debtor never received the second wire.  *Id.*

3.      Debtor is now suing Cardenas, Franklin Advantage, Inc., Parkfield Escrow, Inc., Laurence Bloom, Samuel Rangel, C&H Trust Deed Service, and DOES 1 through 30, Case Number SC12941 in the Superior Court of the State of California for the County of Los Angeles (the "Lawsuit").  The Lawsuit was filed on May 7, 2018.  The causes of action are:  Negligence, Fraud, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Declaratory Relief, Injunctive Relief, and Accounting.  A copy of the Complaint is attached hereto as Exhibit 1.

4.      Debtor believes that pursuing the Lawsuit will benefit the estate by resulting in award of damages against the defendants.  Debtor has determined that it is necessary and essential to employ Special Counsel as its counsel because of the litigation services required.  These include but are not limited to:

a)      Preparation of necessary motions and responses to motions;

b)      Preparation of necessary discovery and responses to discovery;

c)      Attendance at court hearings;

d)      Trial preparation; and

e)      Attendance at trial.

5.      Debtor has selected Special Counsel for employment because of Special Counsel's experience and knowledge in the field of civil litigation.  Debtor believes Special Counsel is well

qualified to represent it in the Lawsuit.  A copy of Special Counsel's resume is attached hereto as Exhibit 2.  A copy of the retainer agreement is attached hereto as Exhibit 3.

      6.    Debtor seeks to employ Special Counsel pursuant to 11 U.S.C. section 327(e).

      7.    Edgard Meinhardt, a managing member of the Debtor, paid Special Counsel a retainer of $5,000 from his personal resources and will continue to pay personally for Special Counsel's services.  Meinhardt Declaration.  Special Counsel has agreed not to seek payment from the Debtor for this lawsuit.  Declaration of Alexandria Phillips, attached hereto.

      8.    The current billing rates of Special Counsel are listed below:

| Professional | Hourly Rate |
|---|---|
| Alexandria C. Phillips, Esq. | $350.00 |

      9.    Debtor has concluded that Special Counsel holds no interest averse to the Debtor and is a disinterested person as required by the Bankruptcy Code.  Meinhardt Declaration.

      10.    In the opinion of Special Counsel, the Lawsuit is meritorious and should result in a significant recovery to the Debtor.  Phillips Declaration.  There shall be no distributing proceeds without this Court's approval if this case is still pending at that time.  Further, Special Counsel does not anticipate any actual or potential conflicts between Debtor and Meinhardt.

    **WHEREFORE,** Debtor requests authority to employ the Law Office of Alexandria C. Phillips as special counsel to perform the services described above and for such other and further relief as may be determined just and proper.

Respectfully submitted,


Dated: June ___, 2018

                              **THE TUROCI FIRM**

                          By: _____

                              Todd Turoci
                              Julie Philippi
                              Attorney for Debtor and Debtor in Possession

## DECLARATION OF EDGARD MEINHARDT-ITURBE

I, Edgard Meinhardt-Iturbe, declare and state as follows:

1.    I am a managing member of Corp Realty USA, LLC. ("CRA"), the debtor herein. I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

2.    Debtor is the plaintiff in a lawsuit against Cardenas Three, LLC, Franklin Advantage, Inc., Parkfield Escrow, Inc., Laurence Bloom, Samuel Rangel, C&H Trust Deed Service, and DOES 1 through 30, Case Number SC12941 in the Superior Court of the State of California for the County of Los Angeles (the "Lawsuit"). The Lawsuit was filed on May 7, 2018. On or about December 2016, the Debtor executed a note secured by a second deed of trust in favor of Cardenas Three ("Cardenas") in the amount of $600,000. The Debtor was to receive approximately $500,000 net proceeds from the loan. After the loan funded, Debtor was wired $398,969.17; $100,000 less than expected. Debtor contacted escrow and was told that the remaining $100,000 would be coming in a second wire. Debtor never received the second wire. The causes of action are: Negligence, Fraud, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Declaratory Relief, Injunctive Relief, and Accounting. A true and correct copy of the Complaint is attached to the Motion as Exhibit 1.

3.    Pursuing the Lawsuit will benefit the estate by resulting in an award of damages against the defendants. It is necessary and essential to employ Special Counsel as special counsel because of the litigation services required. These include but are not limited to:

a)     Preparation of necessary motions and responses to motions;

b)     Preparation of necessary discovery and responses to discovery;

c)     Attendance at court hearings;

d)     Trial preparation; and

e)     Attendance at trial.

4.     Debtor selected Special Counsel for employment because of Special Counsel's experience and knowledge in the field of civil litigation. Special Counsel is well qualified to represent Debtor in the Lawsuit. A true and correct copy of the retainer agreement is attached hereto as Exhibit 3.

5.     I personally paid Special Counsel a retainer of $5,000, and I will pay for Special Counsel's services from my own assets.

6.     Special Counsel holds no interest adverse to the Debtor and is a disinterested person as required by the Bankruptcy Code.

7.     Debtor agrees that there shall be no distributing proceeds without this Court's approval if this case is still pending at that time.

8.     I do not anticipate any actual or potential conflicts between Debtor and myself.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June __15__, 2018

Edgard Meinhardt-Iturbe

# DECLARATION OF ALEXANDRIA C. PHILLIPS

I, Alexandria C. Phillips, declare as follows:

1.      I am an attorney at law, duly licensed to practice law in the State of California. I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

2.      I am the owner of the Law Office of Alexandria C. Phillips.  My firm was retained by Edgard Meinhardt to represent Corp Realty USA, LLC in the case *Corp Realty USA, LLC. v. Cardenas Three, LLC., et al.*, Case Number SC129241 in the Superior Court of the State of California for the County of Los Angeles (the "Lawsuit").  I have reviewed the Lawsuit and determined that the professional services to be provided include, but are not limited to the following: preparation of motions, pleadings and responses thereto, preparation of discovery and responses thereto, attendance at court hearings, trial preparation, and attendance at trial.

3.      My firm and I are qualified to represent the Debtor.  Attached hereto as Exhibit 2 is a true and correct copy of my firm's resume.  Attached hereto as Exhibit 3 is a true and correct copy of the retainer agreement entered into with Edgard Meinhardt.

4.      My firm and I are "disinterested persons" within the meaning of 11 U.S.C. section 101(14). We are not creditors, equity security holders, or insiders of Debtor; we are not and were not, within two years before the date of the filing of the petition, directors, officers or employees of Debtor; and we do not have interests materially adverse to the interest of the estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or for any other reason.  My Firm and I do not hold or represent an interest averse to the estate.

5.    In light of the foregoing, I do not believe there is any conflict in my Firm's representation of Debtor.

6.    My firm received a retainer payment of $5,000 from Edgard Meinhardt. Mr. Meinhardt has agreed to continue to pay my fees from his own assets. I have agreed to not seek payment from the Debtor for this lawsuit.

7.    My firm's proposed compensation is:

| **Professional** | **Hourly Rate** |
| --- | --- |
| Alexandria C. Phillips, Esq. | $350.00 |

8.    I have agreed that the requested compensation for professional services rendered to the estate shall be based upon the time expended and at the billing rates commensurate with the experience of the persons performing the services computed at the hourly rates customarily charged by the account to all clients. It is the intention that Mr. Meinhardt, Debtor's principal, will be the source of compensation not Debtor's bankruptcy estate. However, I also understand that should it become necessary to look to Debtor for compensation or reimbursement, then any compensation from assets of the estate must be approved by the bankruptcy court before payment and will be sought pursuant to 11 U.S.C. section 330. My firm and I have been advised of and have agreed to accept employment subject to the provisions of 11 U.S.C. section 330 and understand that, notwithstanding the approval of employment upon the terms set forth herein, this Court may award compensation that is less than the amount of compensation requested.

9.     In my professional opinion, the Lawsuit is meritorious and should result in a significant recovery to the Debtor.

10.    I do not anticipate any actual or potential conflicts between Debtor and Mr. Meinhardt.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June __15__, 2018

*Alexandria Phillips*
Alexandra C. Phillips

-3-

# EXHIBIT 1

1  Alexandria C. Phillips  Bar No. 165056
   LAW OFFICES OF ALEXANDRIA C. PHILLIPS
2  Post Office Box 4795
   Laguna Beach, CA 92652
3  Telephone: 949.533.6112
   Facsimile:  949.266.9230
4
   Attorneys for Plaintiff
5  Corp. Realty USA, LLC

CONF~~~~ ~PY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 07 2018

Sherri R. Carter, Executive Officer/Clerk

By Maria Guadian, Deputy

6
7           SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                FOR THE COUNTY OF LOS ANGELES

9  Corp. Realty, USA, LLC, a Delaware Limited    | CASE NO:    SC129241
   Liability Company, aka Crp. Realty USA LLC    | PLAINTIFF CORP. REALTY USA,
10                                                | LLC'S  COMPLAINANT FOR:
                   Plaintiff,                     |
11                                                | (1) NEGLIGENCE;
   vs.                                            | (2) FRAUD;
12                                                | (3) BREACH OF CONTRACT;
   CARDENAS THREE, LLC; FRANKLIN                 | (4) BREACH OF THE IMPLIED
13 ADVANTAGE, INC.; PARKFIELD                    | COVENANT OF GOOD FAITH AND
   ESCROW, INC.; LAURENCE  BLOOM;               | FAIR DEALING;
14 SAMUEL RANGEL; C&H TRUST DEED                | (5) UNJUST ENRICHMENT;
   SERVICE; and DOES 1 through 30;              | (6) DECLARATORY RELIEF;
15                                                | (7) INJUNCTIVE RELIEF; and
                                                  | (8) ACCOUNTING
16                 Defendants,
17                                                        By Fax
18
19
20      Plaintiff  Corp. Realty USA, LLC, a Delaware Limited Liability Company aka Crp.
21 Realty USA LLC ("Plaintiff")  complains and alleges:

22                        **GENERAL ALLEGATIONS**

23      1.      Plaintiff is a  Delaware Limited Liability Company, at all times herein mentioned
24 and is the owner of the real property commonly described as 10936 PACIFIC VIEW DRIVE,
25 MALIBU, CALIFORNIA 90265 ("Property").  Plaintiff's limited partner members Edgard
26 Meinhardt ("Meinhardt") and Reinaldo Gonzalez ("Gonzalez")  purchased the Property for $4.3
27
28                                    1

EXHIBIT 1
1 of 17

1  Million and made a down payment of 40% the purchase price, are the borrowers on the note and

2  deed of trust of the first mortgage ("First Mortgage"). Thereafter, Meinhardt and Gonzalez

3  vested the title of the Property to Plaintiff. Presently, the fair market value of the Property is

4  approximately $8,491,093.97 such that Plaintiff's equity in the Property is approximately

5  $5,158,325.72.

6      2.    Defendant CARDENAS THREE, LLC ("Cardenas") at all times herein mentioned

7  is and was a California Limited Liability Company engaged in the business of lending money

8  secured by real property, and is doing business at 12223 Highland Ave., Suite 106-553 Rancho

9  Cucamonga, California 91739.

10     3.    Defendant FRANKLIN ADVANTAGE, INC. ("FRANKLIN") at all times herein

11  mentioned is and was a California Corporation engaged in real estate lending and doing business

12  at 105 Calle Del Pacifico, San Clemente, California 92672. At all times herein mentioned

13  FRANKLIN is and was acting as the agent for CARDENAS.

14     4.    Defendant PARKFIELD ESCROW, INC. ("PARKFIELD") at all times herein

15  mentioned is and was an escrow company, licensed by the State of California, and doing business

16  at 12631 E Imperial Highway, A-213, Santa Fe Springs CA 90670. At all times herein

17  mentioned PARKFIELD is and was acting as the agent for CARDENAS.

18     5.    Defendant SAMUEL RANGEL ("RANGEL") at all times herein mentioned

19  RANGEL is and was acting as a real estate broker/mortgage broker/real estate agent in the State

20  of California, RANGEL is a resident of the County of Orange, State of California. At all times

21  herein mentioned RANGEL is and was acting as the agent for CARDENAS.

22     6.    Defendant LAURENCE BLOOM ("BLOOM") at all times herein mentioned is

23  and was a real estate appraiser, licensed by the State of California and doing business at 23016

24  Lake Forest Drive, Laguna Hills, CA 92653. At all times herein mentioned BLOOM was acting

25  as the agent of CARDENAS.

26     7.    Defendant C&H Trust Deed Service ("C&H") is a foreclosure processing

27  company, licensed by the State of California and doing business at 1 Orchard Road, Suite 110

28                                    2

1  Lake Forest, California  92630.  At all times herein mentioned C&H was acting as the agent of

2  CARDENAS.

3      8.   Plaintiff is unaware of the true names and capacities, whether individual,

4  corporate, associate or otherwise, of Does 1 to 30, inclusive, and therefore sue these defendants

5  by fictitious names. Plaintiff is informed and believes and on that basis allege that these Does,

6  and each of them, are in some manner responsible and liable for the acts and/or damages alleged

7  in this complaint. ("Complaint").  Plaintiff will seek leave of court to amend this Complaint to

8  show the Doe defendants' true names and capacities when they have been ascertained.

9      9.   Plaintiff is informed and believes and on that basis alleges that at all relevant

10  times, except where pled otherwise, defendants CARDENAS, FRANKLIN, PARKFIELD,

11  RANGEL and BLOOM and each of them, were acting as the agents, servants and employees of

12  each of the other defendants, and each of them, and were acting within the full course and scope

13  of their agency and employment with the full knowledge, consent, permission and ratification,

14  either express or implied, of each of the other defendants in performing the acts acknowledged in

15  this Complaint.

16      10.   On or about May 15, 2013, Meinhardt and Gonzalez purchased the subject

17  Property and executed a note secured by a first deed of trust in the sum of $2,580,000, in favor of

18  Bof I, Federal Bank ("First Mortgage") and thereafter vested title of the Property in Plaintiff.

19      11.   In or about August 2014, due to the devaluation of the Venezuelan currency and

20  the investment income of Meinhardt and Gonzalez, Plaintiff fell behind in its First Mortgage.

21  Plaintiff began searching for solutions and ultimately located a potential new lender that would

22  agree to lend Plaintiff adequate funds to bring the First Mortgage current.  The new loan was to

23  be secured by a second deed of trust on the Property.

24      12.   The new potential lender sent defendant BLOOM to evaluate the Property.

25  RANGEL accompanied Bloom to the Property. While evaluating the Property, BLOOM

26  informed Meinhardt that RANGEL could obtain a loan to help Plaintiff.  Meinhardt expressed

27  interest.

28

3



EXHIBIT __1__
__3__ of __17__

1         13.     Thereafter, RANGEL started requesting that Plaintiff provide him with certain

2  documentation, which Plaintiff provided.  Although RANGEL never provided Plaintiff with a

3  final set "loan" documents, RANGEL continued to ask Plaintiff for information/documentation

4  and Plaintiff complied with RANGEL's requests.

5         14.     By the end of 2015, with the assistance of one of Meinhardt's friends and with

6  monies Plaintiff was able to received from his Venezuelan assets, Plaintiff was able to bring the

7  arrears to the First Mortgage current.  Plaintiff informed RANGEL that he no longer needed his

8  assistance as the First Mortgage had been brought current.

9         15.     In the middle of 2016, RANGEL contacted Plaintiff and informed Plaintiff that he

10  could refinance the Property and obtain better terms than Plaintiff was currently paying on the

11  First Mortgage.  As Plaintiff needed to repay its friend and Plaintiff was experiencing cash flow

12  problems from its investments in Venezuela, Plaintiff agreed to allow RANGEL to put the

13  Property in a new loan.

14         16.     Thereafter, RANGEL introduced Plaintiff to defendants FRANKLIN,

15  CARDENAS AND PARKFIELD and the "new loan" was actually a note secured by a second

16  deed of trust in favor of CARDENAS in the amount of $600,000.   Plaintiff was to receive

17  approximately $500,000 net proceeds from the loan.

18         17.     RANGEL acted as the broker on the loan, FRANKLIN facilitated the loan,

19  CARDENAS was the lender and PARKFIELD was the escrow company for the loan and

20  BLOOM provided a new appraisal of the Property for CARDENAS.  Plaintiff was never given a

21  copy of the second appraisal BLOOM performed.

22         18.     The new loan closed on December 19, 2016. A true and correct copy of the Note

23  and Deed of Trust in favor of CARDENAS is attached hereto as Exhibit "A," and incorporated

24  herein by this reference.  A true and correct copy of the original Final Borrower's Statement

25  PARKFIELD provided to Plaintiff which Plaintiff signed and approved is attached hereto as

26  Exhibit "B," and incorporated herein by this reference.

27         19.     Thereafter, the funds due Plaintiff were wired into Plaintiff's account and Plaintiff

28

4

---

1  realized the amount transferred was $100,000 short from the escrow closing costs statement

2  which Plaintiff had signed and approved.   Instead of receiving $498,969.17 net from the loan

3  proceeds, Plaintiff received $398,969.17. Plaintiff through its agent Meinhardt, contacted

4  RANGEL and asked if the remaining $100,000 would be coming in a second wire.  RANGEL

5  informed Meinhardt that there would be a second transfer and the $100,000 would be wired to

6  Plaintiff.  Further, RANGEL represented to Meinhardt that FRANKLIN was keeping the

7  $100,000 on "reserve" until Plaintiff brought the First Mortgage arrears current. A true and

8  correct copy of  PARKFIELD's letter to Plaintiff dated December 19, 2016, enclosing

9  Borrower's Final Statement is attached hereto as Exhibit "C," and incorporated herein by this

10  reference.  Borrower's Final Statement, attached to that letter, indicates Plaintiff's net loan

11  amount is $498,969.17 but the amount set forth in PARKFIELD's cover letter indicates the

12  amount of the wire is $398,969.17.

13       20.    Despite the fact that Plaintiff had brought the arrears on the First Mortgage current

14  in December 29, 2016, by January 5, 2017, Plaintiff had still not received the second wire of the

15  $100,000.  RANGEL informed Plaintiff that "they were closing the year or were " busy

16  elsewhere and would get to it."

17       21.    Plaintiff's only contact with CARDENAS and FRANKLIN before, during and

18  after the loan, was always through their agent RANGEL.

19       22.    Finally, in February 2017, after Plaintiff's telephone calls to PARKFIELD escrow

20  company remained unanswered, Plaintiff, through Meinhardt, visited PARKFIELD to inquire as

21  to when the remaining loan funds of $100,000 would be transferred to Plaintiff's account, and

22  further to find out where the $100,000 had been allocated.

23       23.    PARKFIELD informed Meinhardt that they had wired the missing $100,000 loan

24  proceeds to appraiser BLOOM at the direct instruction of RANGEL and then gave Meinhardt a

25  copy of the revised escrow closing costs statement which Plaintiff did not sign nor authorize nor

26  even know about.  True and correct copies of the revised escrow closing statement that

27  Meinhardt received from PARKFIELD showing that $100,000 of Plaintiff's loan proceeds were

28

5

---



EXHIBIT 1
5 of 17

1  allocated to the BLOOM the "appraisalguy" and PARKFIELD's communications with

2  RANGEL and MEINHARDT re the same, are attached hereto as Exhibit "D," and incorporated

3  herein by this reference.

4      24.    Shocked, Meinhardt left the escrow office, got in his car and immediately called

5  RANGEL. RANGEL attempted to change the topic of the conversation but ultimately admitted

6  that he had taken the money to complete a "deal" of "flipping a house" and explained that he

7  expected to return the money to Plaintiff in a 30 days.

8      25.    After numerous telephone calls and texts messages, RANGEL completely failed

9  to return the $100,000 to Plaintiff, and Plaintiff, through Meinhardt contacted FRANKLIN  in

10 hopes of getting the $100,000 in loan proceeds returned.  FRANKLIN 's chief financial officer,

11 Jeff Yorke ("Yorke")  who was also the registered broker that appeared on the correspondence

12 with the lender,  advised Meinhardt that RANGEL brought FRANKLIN  deals. Yorke informed

13 Meinhardt that FRANKLIN  had over $150 million in mortgages issued with Cardenas Three as

14 Lender/Investor and that FRANKLIN  would not want to see CARDENAS named in a lawsuit

15 and Yorke informed Meinhardt  that FRANKLIN  also had a lot of deals with major banks that

16 would not be possible to maintain and continue if "such an issue" (embezzling money from the

17 borrow during escrow) arose in court with CARDENAS and FRANKLIN 's  name.

18     26.    Yorke promised to help Meinhardt, but in the end after a month or more Yorke

19 did nothing except referred Meinhardt to use FRANKLIN 's law firm "Newport Law"  which did

20 nothing to obtain the return of the $100,000 loan proceeds to Plaintiff  but only sent Meinhardt

21 advertising mail for foreclosure defenses.

22     27.    In late December 2017, while Yorke was  "helping" Plaintiff obtain the return of

23 the $100,000 loan proceeds so Plaintiff would not file a lawsuit, CARDENAS  contacted

24 Plaintiff's First Mortgagor and  "paid the arrears" Plaintiff  had accrued, and thereafter recorded

25 a Notice of Default against Plaintiff which included the arrears Plaintiff had incurred on the

26 Second Mortgage on loan amounts Plaintiff never even received, as well as the arrears amounts

27 CARDENAS had paid on the First Mortgage, as well as attorneys' fees.  A true and correct copy

28

6

**EXHIBIT  1**
**(2  of  17**

1   of the Notice of Default is attached hereto as Exhibit "E," and incorporated herein by this

2   reference.

3        28.    Thereafter, on April 11, 2018, CARDENAS recorded a Notice of Sale on the

4   Property, setting the foreclosure sale for May 11, 2018.  A true and correct copy of the Notice of

5   Sale is attached hereto as Exhibit "F," and incorporated herein by this reference.

6

7                             **FIRST CAUSE OF ACTION**

8                **(Negligence Against All Defendants**

9                     **and Does 1 through 30)**

10       29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 28  above,

11  inclusive.

12       30.    At all times relevant herein,  Defendant CARDENAS and its agents FRANKLIN,

13  PARKFIELD, RANGEL and BLOOM owed Plaintiff a duty to exercise reasonable care and skill

14  in facilitating the note and deed of trust of the Second Mortgage and in closing the escrow on the

15  Second Mortgage to ensure that Plaintiff received the proceeds from the subject loan pursuant to

16  the Final Borrower's Statement which Plaintiff had signed and authorized.

17       31.    In taking the actions alleged above, and in failing to take the actions as alleged

18  above,  Defendant CARDENAS and its agents FRANKLIN, PARKFIELD, RANGEL and

19  BLOOM breached their duty of care and skill to Plaintiff by (a) providing one version of the

20  Final Borrower's Statement to Plaintiff to sign and authorize wherein Plaintiff was to received

21  $498,969.17 in net proceeds from the loan; (b)  generating another version of the Final

22  Borrower's Statement that Plaintiff did not sign or authorize which allocated $100,000. of

23  Plaintiff's loan proceeds to BLOOM such that Plaintiff only received $398,969.17 in net

24  proceeds from the loan; (c) allowing RANGEL to direct PARKFIELD to allocate $100,000 of

25  Plaintiff's loan proceeds to BLOOM; (d) FRANKLIN and CARDENAS failing to ensure that

26  Plaintiff received the full amount of loan proceeds pursuant to the subject note and deed of trust;

27  (e) knowing and allowing BLOOM and RANGEL, FRANKLIN and CARDENAS's agents,  to

28                               7

**EXHIBIT 1**

1 of 17

1  abscond with $100,000 of Plaintiff's loan proceeds without Plaintiff's knowledge or consent; (f)

2  FRANKLIN convincing Plaintiff that it was going to obtain the return of Plaintiff's loan

3  proceeds all the while knowing that CARDENAS was foreclosing on the Property; (g)

4  CARDENAS forcing Plaintiff to make loan payments on monies it never received; and (h)

5  CARDENAS foreclosing on the Property after failing to pay full consideration due to Plaintiff

6  for the note and deed of trust.

7      32.    As a direct and proximate result of the negligence and carelessness of

8  Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be

9  determined at trial.

10

11                          **SECOND CAUSE OF ACTION**

12                          **(Fraud Against All Defendants**

13                           **and Does 1 through 30)**

14      33.    Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above,

15  inclusive.

16      34.    Defendant CARDENAS and its agents  FRANKLIN, PARKFIELD, RANGEL

17  and BLOOM defrauded Plaintiff by (a) providing one version of the Final Borrower's Statement

18  to Plaintiff to sign and authorize wherein Plaintiff was to received $498,969.17 in net proceeds

19  from the loan; (b) generating another version of the Final Borrower's Statement that Plaintiff did

20  not sign or authorize which allocated $100,000. of Plaintiff's loan proceeds to BLOOM such that

21  Plaintiff only received $398,969.17 in net proceeds from the loan; (c) allowing RANGEL to

22  direct PARKFIELD to allocate $100,000 of Plaintiff's loan proceeds to BLOOM; (d)

23  FRANKLIN and CARDENAS failing to ensure that Plaintiff received the full amount of loan

24  proceeds pursuant to the subject note and deed of trust; (e) knowing and allowing BLOOM and

25  RANGEL, FRANKLIN and CARDENAS's agents,  to abscond with $100,000 of Plaintiff's loan

26  proceeds without Plaintiff's knowledge or consent; (f) FRANKLIN convincing Plaintiff that it

27  was going to obtain the return of Plaintiff's loan proceeds all the while knowing that

28                                    8

**EXHIBIT** 1
8 of 17

1    CARDENAS was foreclosing on the Property;  (g) CARDENAS forcing Plaintiff to make loan

2    payments on monies it never received; and  (h) CARDENAS foreclosing on the Property after

3    failing to pay full consideration due to Plaintiff for the note and deed of trust.

4         35.    Defendant  CARDENAS and its agents FRANKLIN, PARKFIELD, RANGEL

5    and BLOOM  had actual knowledge of the fact that the Plaintiff did not receive the $100,000 in

6    loan proceeds pursuant to the note, deed of trust and Final Borrower's Statement, but Defendant

7    CARDENAS insisted that Plaintiff make loan payments on monies it never received, and thereby

8    forced Plaintiff into default and thereafter initiated the foreclosure of the Property.

9         36.    Defendant CARDENAS and its agents FRANKLIN, PARKFIELD, RANGEL and

10    BLOOM made the above-referenced false representations,  concealments and non-disclosures in

11    the note, deed of trust and Final Borrower's Statement that Plaintiff would be receiving

12    $498,969.17 in net proceeds from the loan, with knowledge of the misrepresentations, intending

13    to induce Plaintiff's reliance, which the unsuspecting Plaintiff justifiably relied upon and which

14    resulted in Plaintiff executing the note and deed of trust and Final Borrower's Statement.

15    Plaintiff was unaware of the true facts.  Had Plaintiff known the true facts, Plaintiff would not

16    have entered into any loan agreement with CARDENAS, would not have executed the note and

17    deed of trust and Final Borrower's Statement.

18         37.    As a result of Defendant CARDENAS and its agents FRANKLIN, PARKFIELD,

19    RANGEL and BLOOM's fraudulent conduct, Plaintiff has suffered compensatory, general and

20    special damages in an amount to proof.  Additionally, Defendant  CARDENAS and its agents

21    FRANKLIN, PARKFIELD, RANGEL and BLOOM  acted with malice, fraud and/or oppression

22    and, thus, Plaintiff is entitled to an award of punitive damages

23

24    **THIRD CAUSE OF ACTION**

25    **(BREACH OF CONTRACT Against Defendant**

26    **CARDENAS and Does 1 through 30)**

27         38.    Plaintiff realleges and incorporates by reference paragraphs 1 through 37  above,

28         9

---

COMPLAINT.wpd            COMPLAINT            Printed On Recycled Paper

EXHIBIT _I_
_9_ of _17_

1  inclusive.

2      39.    On or about December 19, 2016, Plaintiff and CARDENAS entered into a

3  contract where by CARDENAS was to loan Plaintiff $600,000 secured by a note and Second

4  Trust Deed on the subject Property.  Pursuant to the note, deed of trust and Final Borrower's

5  Statement, Plaintiff was to receive $498,969.17 in net proceeds from the loan.

6      40.    Defendant CARDENAS breached the note, deed of trust and Final Borrower's

7  statement by (a) its agents FRANKLIN and PARKFIELD providing one version of the Final

8  Borrower's Statement to Plaintiff to sign and authorize wherein Plaintiff was to received

9  $498,969.17 in net proceeds from the loan; (b) its agents FRANKLIN and PARKFIELD

10  generating another version of the Final Borrower's Statement that Plaintiff did not sign or

11  authorize which allocated $100,000. of Plaintiff's loan proceeds to CARDENAS' agent BLOOM

12  such that Plaintiff only received $398,969.17 in net proceeds from the loan; (c) allowing

13  CARDENAS' agent RANGEL to direct PARKFIELD to allocate $100,000 of Plaintiff's loan

14  proceeds to BLOOM; (d) FRANKLIN and CARDENAS failing to ensure that Plaintiff received

15  the full amount of loan proceeds pursuant to the subject note and deed of trust; (e) knowing and

16  allowing BLOOM and RANGEL, FRANKLIN and CARDENAS's agents,  to abscond with

17  $100,000 of Plaintiff's loan proceeds without Plaintiff's knowledge or consent; (f) FRANKLIN

18  convincing Plaintiff  that it was going to obtain the return of Plaintiff's loan proceeds all the

19  while knowing that CARDENAS was foreclosing on the Property;  (g) CARDENAS forcing

20  Plaintiff to make loan payments on monies it never received; and  (h) CARDENAS foreclosing

21  on the Property after failing to pay full consideration due to Plaintiff for the note and deed of

22  trust.

23      41.    As a proximate result of Defendant CARDENAS' breaches, Plaintiff has suffered

24  compensatory damages in an amount to be proven at trial.

25

26  **FOURTH CAUSE OF ACTION**

27  **(BREACH OF THE IMPLIED COVENANT OF**

28                                               10



**EXHIBIT** 1
1 0 of 1 7

**GOOD FAITH AND FAIR DEALING Against Defendant**

**CARDENAS and Does 1 through 30)**

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above, inclusive.

43. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

44. Defendant CARDENAS enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith.

45. Defendant CARDENAS engaged in such conduct to drive Plaintiff into foreclosure so that CARDENAS could acquire the Property with its large equity at a bargain basement price. These actions were a bad faith breach of the contract between Plaintiffs and CARDENAS which show that CARDENAS had no intention of performing the contract, consisting of the original note and deed of trust, in good faith.

46. CARDENAS willfully breached its implied covenant of good faith and fair dealing with Plaintiff when CARDENAS and its agents (a) provided one version of the Final Borrower's Statement to Plaintiff to sign and authorize wherein Plaintiff was to received $498,969.17 in net proceeds from the loan; (b) generated another version of the Final Borrower's Statement that Plaintiff did not sign or authorize which allocated $100,000. of Plaintiff's loan proceeds to BLOOM such that Plaintiff only received $398,969.17 in net proceeds from the loan; © allowed RANGEL to direct PARKFIELD to allocate $100,000 of Plaintiff's loan proceeds to BLOOM; (d) allowed FRANKLIN and CARDENAS to fail to ensure

11



EXHIBIT __1__

__11__ of __17__

1  that Plaintiff received the full amount of loan proceeds pursuant to the subject note and deed of

2  trust; (e) knew and allowed BLOOM and RANGEL, FRANKLIN and CARDENAS's agents,  to

3  abscond with $100,000 of Plaintiff's loan proceeds without Plaintiff's knowledge or consent; (f)

4  allowed FRANKLIN to convince Plaintiff  that it was going to obtain the return of Plaintiff's

5  loan proceeds all the while knowing that CARDENAS was foreclosing on the Property;  (g)

6  forced Plaintiff to make loan payments on monies it never received; and  (h)  initiated foreclosure

7  proceedings on the Property after failing to pay full consideration due to Plaintiff for the note and

8  deed of trust.

9      47.    As a result of the Defendant CARDENAS breaches of this covenant, Plaintiff  has

10 suffered general and special damages in an amount to be determined at trial.

11                          **FIFTH CAUSE OF ACTION**

12                            **(UNJUST ENRICHMENT**

13                              **Against Defendant**

14                     **CARDENAS and Does 1 through 30)**

15     48.    Plaintiff realleges and incorporates by reference paragraphs 1 through 47  above,

16 inclusive.

17     49.    By its wrongful acts and omissions, Defendant CARDENAS has been unjustly

18 enriched at the expense of Plaintiffs, and thus Plaintiff has been unjustly deprived.

19     50.    By reason of the foregoing, Plaintiff seeks restitution from Defendant

20 CARDENAS and an order of this Court disgorging all profits, benefits, and other compensation

21 obtained by  Defendant CARDENAS from its wrongful conduct.

22

23                        **SIXTH CAUSE OF ACTION FOR**

24                          **(DECLARATORY RELIEF**

25                     **AGAINST Defendant CARDENAS and**

26                           **DOES 1 through 30)**

27     51.    Plaintiff realleges and incorporates by reference paragraphs 1 through 50 above,

28                                    12

---

**EXHIBIT __|__**
12 of 17

1  inclusive.

2       52.    On or about December 19, 2016, Plaintiff and CARDENAS entered into a

3  contract where by CARDENAS was to loan Plaintiff $600,000 secured by a note and Second

4  Trust Deed on the subject Property.  Pursuant to the note, deed of trust and Final Borrower's

5  Statement, Plaintiff was to receive $498,969.17 in net proceeds from the loan.

6       53.    Defendant CARDENAS breached the note, deed of trust and Final Borrower's

7  statement by (a) its agents FRANKLIN and PARKFIELD providing one version of the Final

8  Borrower's Statement to Plaintiff to sign and authorize wherein Plaintiff was to received

9  $498,969.17 in net proceeds from the loan; (b) its agents FRANKLIN and PARKFIELD

10  generating another version of the Final Borrower's Statement that Plaintiff did not sign or

11  authorize which allocated $100,000. of Plaintiff's loan proceeds to CARDENAS' agent BLOOM

12  such that Plaintiff only received $398,969.17 in net proceeds from the loan; (c) allowing

13  CARDENAS' agent RANGEL to direct PARKFIELD to allocate $100,000 of Plaintiff's loan

14  proceeds to BLOOM; (d) FRANKLIN and CARDENAS failing to ensure that Plaintiff received

15  the full amount of loan proceeds pursuant to the subject note and deed of trust; (e) knowing and

16  allowing BLOOM and RANGEL, FRANKLIN and CARDENAS's agents,  to abscond with

17  $100,000 of Plaintiff's loan proceeds without Plaintiff's knowledge or consent; (f) FRANKLIN

18  convincing Plaintiff  that it was going to obtain the return of Plaintiff's loan proceeds all the

19  while knowing that CARDENAS was foreclosing on the Property;  (g) CARDENAS forcing

20  Plaintiff to make loan payments on monies it never received; and  (h) CARDENAS foreclosing

21  on the Property after failing to pay full consideration due to Plaintiff for the note and deed of

22  trust.

23       54.    Despite the fact that CARDENAS failed to comply with the note and deed of trust

24  by failing to give Plaintiff the agreed upon consideration of net loan proceeds of $498,969.17 and

25  yet continued to collect loan payments on the note, on or about January 11, 2018, CARDENAS

26  caused to be recorded a Notice of Default and Election to Sell in the Official Records of Ventura

27  County, California, alleging a default of the promissory note and Deed of Trust. (Exhibit "E.")

28

13

---

**EXHIBIT  1**

13 of 17

55.     On or about April 11, 2018, CARDENAS caused to be recorded a Notice of Trustee's Sale in the Official Records of Ventura County, California, announcing that C&H Trust Deed Service will conduct a Trustee's sale of the Property on May 11, 2018, at 11:00 A.M. at the main entrance to the Government Center Hall of Justice located at 800 South Victoria Ave., Ventura, California. A true and correct copy of the Notice of Trustee's Sale is attached hereto as Exhibit "F" and incorporated herein by reference.

56.     However, CARDENAS has failed to provide the agreed upon consideration for the note and deed of trust insofar as it was to provide Plaintiff with net proceeds from the loan in the sum of $498,969.17. Instead, CARDENAS only provided Plaintiff with net proceeds from the loan in the sum of $398,969.17, yet is collecting monthly payments from Plaintiff on the whole sum of $600,000, instead of the actual amount lent of $500,000. Further, the Notice of Default and Notice of Sale are based on Plaintiff's alleged default on the $600,000 loan, when in fact CARDENAS failed to pay Plaintiff the agreed upon consideration. Accordingly, the Notice of Default and Notice of Sale are in complete error and are based on CARDENAS's unlawful conduct and inaccurate accounting in which is described in paragraph 51 above.

57.     The amount CARDENAS contends in the Notice of Default and Notice of Trustee's Sale that is in default is incorrect. Accordingly, the Plaintiff is not in default under the terms of the promissory note and deed of trust. However, CARDENAS refuses to correct its breach of the note and deed of trust and provide Plaintiff with the additional $100,000 consideration pursuant to the note, deed of trust and Final Borrower's Statement that Plaintiff signed and approved. As a result, an actual controversy exists between Plaintiff and CARDENAS concerning whether CARDENAS has the contractual authority to initiate foreclosure proceedings and regarding its rights and duties with respect to the pending non-judicial foreclosure in that CARDENAS breach the express terms of the note and deed of trust by failing to pay Plaintiff the agreed upon consideration, and CARDENAS contends that Plaintiff is in default on the note and deed of trust and contends that Plaintiff owes CARDENAS $946,497.12 including payments made by CARDENAS to the First Mortgagor which was not

14

EXHIBIT I
14 of 17

1   authorized by Plaintiff, and CARDENAS contends that it has the contractual authority to initiate

2   foreclosure proceedings and Plaintiff contends that Defendant does not have the contractual

3   authority to initiate foreclosure proceedings.

4        58.    Plaintiff desires a judicial determination and declaration of the respective rights

5   and duties of Plaintiff and CARDENAS; specifically that Plaintiff did not breach the terms of the

6   promissory note and deed of trust. Such a judicial determination is appropriate at this time so that

7   Plaintiff may determine his rights and duties before the Property is sold at a Trustee's sale.

8        59.    Plaintiff has incurred attorney fees in prosecuting this action in an amount that is

9   not yet fully ascertained. Plaintiff will provide the total amount of attorney fees as soon as they

10  are determined.

11

12  **SEVENTH CAUSE OF ACTION**

13  **(INJUNCTIVE RELIEF**

14  **Against Defendants**

15  **CARDENAS,  C&H TRUST DEED SERVICE and  Does 1 through 30)**

16       60.    Plaintiff realleges and incorporates by reference paragraphs 1 through 59  above,

17  inclusive.

18       61.    CARDENAS intends to sell, and unless restrained, will sell the Property on May

19  11, 2018 at 11:00 am at the main entrance to the Government Center Hall of Justice located at

20  800 South Victoria Ave., Ventura, California. causing great and irreparable injury to the Plaintiff

21  in that if the Trustee's sale takes place as scheduled, Plaintiff, having no right to redeem the

22  Property after the sale, will forfeit it.

23       62.    For all the reasons set forth in this Complaint, the Trustee's sale is wrongful and

24  should be enjoined. Plaintiff has no other plain, speedy, or adequate remedy at law, and the

25  injunctive remedy requested for in this Complaint is necessary and appropriate at this time to

26  prevent irreparable injury and loss of Plaintiff's Property.

27

28

15

**EXHIBIT _1_**
15 of 17

### EIGHTH CAUSE OF ACTION

### (ACCOUNTING

### Against Defendant

### CARDENAS and Does 1 through 30)

63.     Plaintiff realleges and incorporates by reference paragraphs 1 through 62 above, inclusive.

64.     A controversy exists between Plaintiff and CARDENAS with respect to the $100,000 that is presently owed to Plaintiff by CARDENAS under the note, deed of trust and the Final Borrower's Statement, and the correct amount of money that is actually owed by Plaintiff, if any, to CARDENAS.   However, CARDENAS refuses to pay the remaining $100,000 it still owes Plaintiff in net proceeds on the subject loan, and CARDENAS refused to provide an accurate accounting or allow Plaintiff's representatives to audit CARDENAS's books and records as they relate to Plaintiff's loan.

65.     Plaintiff requires that CARDENAS make available its books and records (only as they relate to Plaintiff's loan) in order that Plaintiff may have a Certified Public Accountant, or similarly qualified representative, audit the books and records.

**WHEREFORE** Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.     For an order restraining and enjoining Defendants from proceeding with the pending Trustee sale scheduled for May 11, 2018 until such time as Defendant CARDENAS has fully complied with the express terms of the note, deed of trust and Final Borrower's Statement and paid Plaintiff the full consideration still due and owing under the note and deed of trust in the sum of $100,000;

2.     That the Court issue a Declaration of the rights and duties; specifically that CARDENAS has no right to conduct the Trustee's sale because its lacks the contractual authority to foreclosure based on its failure to perform payment of the loan proceeds to Plaintiff under the note and deed of trust in the sum of $100,000;

16



EXHIBIT __1__
1 10 of 17

1       3.     That the Court issue a temporary restraining order, preliminary injunction, and

2   permanent injunction restraining the CARDENAS, its agents, attorneys and representatives, and

3   all persons acting in concert or participation with them, from selling, attempting to sell, or

4   causing to be sold the Property either under the power of sale clause contained in the Deed of

5   Trust or by a Judicial Foreclosure Action;

6       4.     That the Court order an accounting between Plaintiff and CARDENAS,

7         determining the amount, if any, actually due and owing from Plaintiff to CARDENAS;

8       5.     For compensatory, special, general damages exceeding $5,158,325.72 and

9   punitive damages according to  proof  against all Defendants;

10      6.     For attorneys' fees and costs of suit herein incurred, and

11      7.     For such other and further relief as the Court may deem just and proper.

13   DATED: May 3, 2018           LAW OFFICES OF ALEXANDRIA C. PHILLIPS

15             By: *Alexandria C. Phillips*
                ALEXANDRIA C. PHILLIPS

16                Attorneys for Plaintiff
                Corp. Realty USA, LLC

17

**EXHIBIT** )
17 of 17

EXHIBIT 2

# ALEXANDRIA C. PHILLIPS

## EDUCATION

**1990**  **University of Southern California**

*Bachelor of Arts*

❖ Academic Scholarship, Magna Cum Laude, Phi Kappa Phi, Blackstonian Pen Award, Gold Key

**1992**  **Southwestern University School of Law  S.C.A.L.E.**
only two year ABA accredited program in the United States

*Doctor of Jurisprudence*

❖ Wildman Scholarship for Academic Excellence

## PROFESSIONAL EXPERIENCE

**District Attorneys Office, Orange County California**
*1991-1993*

*Certified Law Clerk: Writs & Appeals*

❖ Assisted in research and drafting of brief subsequently argued in the California Supreme Court and published at People v. William Michael Leahy (1994) 8 Cal. 4th 587

❖ Extensive research and writing writ & appellate briefs for the District Attorney's office, extensive experience with criminal law; conducted preliminary hearings, traffic court and arraignments on behalf of the District Attorney's office

**1993-1998**  **Cameron & Dreyfuss – Civil Litigation Law Firm**
*Associate: Business Litigation/Trials/Appeals (Federal & State Courts) Corporate Defense*

❖ Litigated, tried and successfully appealed the cases subsequently published at In re John Fernandez (1997) 212 B.R. 361 and Cunningham v. Superior Court of Orange County (1998) 67 Cal. App. 4th 743

POST OFFICE BOX 4795 • LAGUNA BEACH, CA 92652
PHONE 949-533-6112 • FAX 949-266-9230 • E-MAIL PEOPLEATTY@AOL.COM



EXHIBIT 2
1 of 2

❖ Adversary Litigation, extensive law and motion experience, court and jury trials, extensive appellate work, including successful writ work, extensive experience in all phases of litigation

❖ Extensive real estate, business, commercial litigation.

**1998        Armstrong & Phillips, LLP – Civil Litigation Law Firm**

*Partner: Business Litigation / Trials / Appeals (Federal & State Courts) Corporate Defense*

❖ Litigation partner, delegate, train and supervise litigation associates, & maintain large litigation case load; heavy real estate/bankruptcy portfolio litigation; Insurance bad faith litigation

**1999-      Law Offices of Alexandria C. Phillips – Civil Litigation/Trial**

*Principle: Business Litigation / Trials / Appeals (Federal & State Courts)*

❖ Extensive real estate, business, commercial litigation/trial work; Litigated, tried and successfully appealed the case subsequently published at <u>Trabuco Highlands Community Assn. v. Head</u> (2002) 96 Cal.App.4th 1183.

❖ Guest speaker for American Bar Journal seminar, practice profiles in American Bar Journal, California Lawyer, extensive case coverage in Orange County Register, Los Angeles Times, Daily Journal, and Coast Magazine & Fox News

*Court Appointed Temporary Judge for Orange County, California Superior Court*

**EXHIBIT 2**
2 of 2

EXHIBIT 3

# LAW OFFICES OF ALEXANDRIA C. PHILLIPS

POST OFFICE BOX 4795
LAGUNA BEACH, CALIFORNIA  92652-4795
TELEPHONE  949.533.6112  FACSIMILE  949.266.9230
EMAIL  PEOPLEATTY@AOL.COM

April 10, 2018

**VIA EMAIL corp.emi@me.com**
Mr. Edgard Meinhardt

Re:   **Retainer Agreement for Legal Representation - Litigation**
Our File No.: 2100.0001

Dear Mr. Edgard:

You have expressed an interest in my firm's representation of you with respect to the above-referenced matter.  This letter outlines the basis upon which my firm will render legal services to you in this  matter.

The legal services to be performed by this firm on your behalf consist of review and analysis of your dispute, negotiations, and litigation.  Standard civil litigation functions include the preparation and filing of pleadings and other legal documents, the conducting of discovery of facts needed to present your case effectively at trial, appearance at court hearings and conferences, and ultimately the trial of the action if no other means of resolving the dispute have proven successful.

From time to time your direct involvement in the case will be necessary, both in attending occasional court conferences and depositions, and in making certain business and economic decisions based in part on legal advice provided by this firm.  We will also need your assistance as a source of valuable information concerning the facts underlying your case.

Legal work performed on your behalf by this firm will be billed on an hourly basis.  My hourly rate for this matter is $350.00.  This firm does not maintain current malpractice insurance.

The Code of Professional Responsibility ("CPR") of the American Bar Association suggests that professional fees reflect, among other factors, the number of attorney hours incurred, the difficulty of the project and the result obtained for the client.  While most of our fees are computed based upon the actual time incurred, the firm, in accordance with the CPR, reserves the right on occasion to make upward or downward adjustments in the fees, depending upon the difficulty of the project and the results obtained for you.





**EXHIBIT 2**
1 of 3

Mr. Edgard Meinhardt
April 10, 2018
Page 2

In addition to our professional fees, our statement will include billings for expenses and costs incurred on your behalf, such as for court filings, deposition transcripts, messenger services, facsimiles, photocopies, and the like. Where a particular expense is substantial, we may submit an invoice directly to you for payment or request payment in advance.

Accordingly, we have requested that a retainer of $5,000. be paid toward such attorneys' fees and expenses to be deposited directly into the firm's Attorney-Client Trust Account at Wells Fargo Bank, Account number ████████  Thereafter, should this matter proceed to trial, you will be required to bring your account current and post a trial retainer of $10,000 no less than 45 days before the trial date. All checks are to be made payable to "Alexandria C. Phillips," and all amounts paid to this firm as a retainer will be maintained in the client trust account.

We will provide you with invoices for services rendered and withdraw an amount sufficient to pay all invoices directly from the retainer. Once the retainer in our trust account has been depleted, we will request that the retainer be replenished.

Invoices are due upon receipt and any unpaid balances more than 30 days may bear interest at 1% per month. If any invoice or statement is not paid promptly, we reserve the right to discontinue services at any time thereafter. The firm is authorized to retain out of any monies that may come under its possession or control an amount equal to the outstanding balance due and payable to the firm. In the event we find it necessary to take legal action to collect the outstanding balance, you may receive a Notice of Right to Arbitrate, informing you of your right to have any dispute over our fees resolved by an impartial arbitrator or panel of arbitrators. If we find it necessary to file a court action to collect the outstanding balance of the account, the prevailing party will be entitled to recover costs, including additional reasonable attorneys' fees, whether or not actually expended.

We are all conscious of the impersonal nature of computerized bills. If you have any problems or questions with our statements, most of which will be generated by our computerized billing system, please telephone us so that those problems may be resolved immediately.

If these arrangements are acceptable to you, please sign the enclosed copy of this letter and return it with the applicable retainer funds.



**EXHIBIT 3**
2 of 3

Mr. Edgard Meinhardt
April 10, 2018
Page 3

    I trust that we will obtain a satisfactory resolution of this matter.  You will be kept fully informed of the status of your case, and will receive copies of all relevant pleadings and correspondence.  Should you ever have questions concerning this case, please call me.  Thank you again for referring your case to this office.

Very truly yours,

*Alexandria C. Phillips*

ALEXANDRIA C. PHILLIPS

**The Foregoing Is Agreed to And Accepted:**

**Dated: April 11, 2018**

EDGARD MEINHARDT

EXHIBIT 3
3 of 3



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3845 Tenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF AND MOTION FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY LAW OFFICE OF ALEXANDRIA C. PHILLIPS AS SPECIAL COUNSEL; DECLARATION OF EDGARD MEINHARDT; AND DECLARATION OF ALEXANDRIA C. PHILLIPS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **06/18/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jeffrey D Cawdrey    jcawdrey@grsm.com,
  jmydlandevans@grsm.com;madeyemo@gordonrees.com;sdurazo@grsm.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Karen L Grant    kgrant@silcom.com
- Coby Halavais    coby@halavaislaw.com
- Sejal Parmar    sparmar2@aissolution.com
- Todd L Turoci    mail@theturocifirm.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **06/18/2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah Saltzman
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/18/2018 | Daisy Diaz | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## Service List
## In re Corp Realty USA, LLC
## 9:18-bk-10741-DS

**Secured Creditors**

BOFI Federal Bank
Attn. Gregory Garrabrants, CEO
4350 La Jolla Village Dr., Ste. 140
San Diego, CA 92122

Darren Paul Trone
Law Office of Darren P. Trone, APC
3838 Orange Street
Riverside, CA 92501

Ventura County Tax Collector
800 South Victoria Avenue
Ventura, CA 93009

**20 Largest Unsecured Creditors**

None

**Other Unsecured Creditors**

Edgard A. Meinhardt Iturbe and
Reinaldo E. Gonzalez Suarez
9663 Santa Monica Blvd., #590
Beverly Hills, CA 90210

Franchise Tax Board
Bankruptcy Section, MS: A-340
PO Box 3952
Sacramento, CA 95812-2952

Internal Revenue Service
Official Noticing Address for BK
POB 7346
Philadelphia, PA 19101-7346

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              **F 9013-3.1.PROOF.SERVICE**