Law Offices of
**KAREN L. GRANT**
State Bar No. 122084
924 ANACAPA STREET,
SUITE 1M
Santa Barbara, CA 93101
(805) 962-4413

Attorneys for Secured Creditor Cardenas Three LLC

**IN THE UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>Corp Realty USA LLC,<br><br>Debtor. | CASE NO 9:18-bk-10741-DS<br>(Chapter 11)<br><br>**REPLY TO DEBTOR'S APPRAISAL REPORT IN SUPPORT OF ITS OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY SECURED CREDITOR CARDENAS THREE LLC**<br><br>DATE: July 17, 2018<br>TIME: 11:30 a.m.<br>PLACE: 201<br>1415 State Street<br>Santa Barbara, CA 93101 |

Movant, Cardenas Three LLC ("Movant") respectfully submits the following reply to the Debtor's appraisal report filed on July 3, 2018 in support of the Debtor's opposition to the motion for relief from the automatic stay filed by Movant.

**1. The Debtor's Appraisal is untrustworthy and should be disregarded.**

   a. **Location, Location, Location:**

The most striking flaw in the appraisal prepared by Randy Sonns is the use of inappropriate comparables. Most, if not all, the comparables utilized by Mr. Sonns are located near the ocean and in a more desirable area of Malibu than the subject property, with

access to public utilities, schools, shopping and other facilities. The Debtor's real property is located in a remote area of Malibu at a significant distance from the ocean, without any hookups to public utilities other than electricity. Instead, it relies on propane, a septic system and private well. It is far removed from access to stores, schools or public facilities and is outside the desirable area of Malibu. Rather than utilize the comparable sales in the area of the subject property, Mr. Sonns chose to compare sales in more desirable locations with superior improvements, without making the appropriate adjustments.

    **b. Appropriate Comparables Not Considered:**

    As set forth in the Supplemental Declaration of Bert Camp in support of Movant's motion filed July 6, 2018 [Doc. 34]("Supplemental Bert Camp Declaration"), there have been a number of closed sales transactions near the subject property, or in a comparable area, within the last year. These comparables were simply ignored by Mr. Sonns, including a sale of a property .61 miles from the property on October 23, 2017 for $3,400,000. See Comparable #1 to the appraisal attached to the Supplement Bert Camp Declaration. Instead, five of the six comparables utilized by Mr. Sonns in his appraisal were for sales transactions which had closed, almost a year ago or more, outside the subject property area.

    It is pretty clear that Mr. Sonns cherry picked comparables that would produce the value desired by the Debtor and largely ignored the sales transactions in the subject property area that would have resulted in a reduced valuation. Mr. Sonn's appraisal is not trustworthy and should be disregarded by this Court. Movant's appraiser has now filed an updated appraisal for the subject property at $3,225,000 [Doc34] and BofI, the holder of the First

Deed of Trust has submitted its own appraisal of $3,200,000 [Doc 39].

c. **Site Value Not Supported:**

On page 5 of Exhibit A to Mr. Sonns Declaration, he indicates that he used a sales comparison approach to determine the final value of the subject property with support from the cost approach. In his cost approach analysis on that same page, Mr. Sonns opinion of the site value is $7,225,000. There is no support for this site valuation in the appraisal. To the extent that Mr. Sonns final opinion of value was based on this unsupported site value it renders Mr. Sonns entire appraisal valuation untrustworthy and unsupported. For this additional reason, the Court should disregard the appraisal and base its determination on the appraisal submitted by Movant.

d. **Market conditions:**

Without any support whatsoever, Mr. Sonns represents on page 3 of Exhibit "A" to his declaration that:

> "Steady market conditions are prevalent at this time, supply & demand factors appear to be in balance, conventional financing is prevalent, marketing for most properties is 3 to 6 months or more, property values have stabilized and/or increased somewhat the past 24 months due to low interest rates, low inventory and high demand."

Given Mr. Sonns reliance on inappropriate comparables outside the area of the subject property it is difficult to know what the basis is for his statements. However, the Debtor has repeatedly indicated that refinancing for the subject property may be difficult to obtain. See page 3, line 2 of the Debtor's Chapter 11 Status Report filed July 3, 2018 [Doc 32]. As indicated on page 11 of the

appraisal attached to the Supplemental Bert Camp Declaration [Doc 34], Mr. Camp's analysis is that the marketing conditions in the area of the subject property are "leaning towards a buyer's market, with marketing time increasing" and that if the property is listed "supply is starting to outweigh demand with pressure being placed on value." Mr. Camp estimates a marketing time of 3 to 12 months in his appraisal, however, this would assume that the property was appropriately priced to sell.

## 2. Conclusion.

The appraisal prepared by Mr. Sonns and submitted by the Debtor in opposition to Movant's motion is fatally flawed and should be disregarded as it is not a realistic valuation of the subject property. BofI and Movant's appraisers have valued the subject property between $3.2 million and $3.225 million. Based on these appraisals the Debtor has no equity and Movant is not adequately protected. Under such circumstances, Movant is entitled to immediate relief from stay.

Respectfully submitted.

DATED: July 10 2018            LAW OFFICES OF KAREN L. GRANT

                               By: /s/ Karen L. Grant
                                   Karen L. Grant
                                   Attorneys for Movant
                                   Cardenas Three LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
924 Anacapa Street, Suite 1M, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): REPLY TO DEBTOR'S APPRAISAL REPORT IN SUPPORT OF ITS OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY SECURED CREDITOR CARDENAS THREE LLC

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/10/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeffrey D Cawdrey**  jcawdrey@grsm.com, jmydlandevans@grsm.com;madeyemo@gordonrees.com;sdurazo@grsm.com
- **Brian D Fittipaldi**  brian.fittipaldi@usdoj.gov
- **Karen L Grant**  kgrant@silcom.com
- **Coby Halavais**  coby@halavaislaw.com
- **Sejal Parmar**  sparmar2@aissolution.com
- **Todd L Turoci**  mail@theturocifirm.com
- **United States Trustee (ND)**  ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/10/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 7/10/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/10/2018 | Karen L. Grant | /s/ Karen L. Grant |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

Service List
In re Corp Realty USA LLC
9:18-bk-10741-DS

Corp Realty USA LLC
9663 Santa Monica Blvd., #590
Beverly Hills, CA 90210

BofI Federal Bank
Attn: Gregory Garrabants, CEO
4350 La Jolla Village Dr., Ste 140
San Diego, CA 92122

Ventura County Tax Collector
800 South Victoria Avenue
Ventura, CA 93009

Edgard A. Meinhardt Iturbe
Reinaldo E. Gonzalez Suarez
9663 Santa Monica Blvd. #590
Beverly Hills, CA 90210

Franchise Tax Board
Bankruptcy Section MS:A-340
P.O. Box 3952
Sacramento, CA 95812-2952

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE