| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Karen L. Grant SBN 122084<br>Law Offices of Karen L. Grant<br>924 Anacapa Street, Suite 1M<br>Santa Barbara, CA 93101<br>Telephone: (805) 962-4413<br>Facsimile: (805) 568-1641<br>Email: kgrant@silcom.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br>Corp Realty USA LLC<br><br><br><br>Debtor(s) | CASE NO.: 9:18-bk-10741-DS<br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br>Motion For Relief From The<br>Automatic Stay Under 11 U.S.C. 362<br>(Real Property) |
|---|---|

PLEASE TAKE NOTE that the order titled Order Granting Motion For Relief From the Automatic Stay Under 11 U.S.C. 362 (Real Property)

was lodged on (*date*) 09/07/2018 and is attached.  This order relates to the motion which is docket number 15.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Law Offices of Karen L. Grant   SBN 122084<br>924 Anacapa Street, Suite 1M<br>Santa Barbara, CA 93101<br>Telephone: (805) 962-4413<br>Facsimile: (805) 568-1641<br>Email: kgrant@silcom.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>Corp Realty USA LLC | CASE NO.: 9:18-bk-10741-DS<br>CHAPTER: 11 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: September 6, 2018<br>TIME: 10:00 a.m.<br>COURTROOM: 201<br>PLACE: 1415 State Street, Santa Barbara, CA 93101 |
| Debtor(s). | |

**Movant:** Secured Creditor Cardenas Three LLC

1. The Motion was:     ☒ Opposed     ☐ Unopposed     ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address:*        10936 Pacific View Drive
    *Unit/suite number:*     _____
    *City, state, zip code:* Malibu, CA 90265-2127

    Legal description or document recording number (including county of recording):
    See Exhibit 1
    ☒ See attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. The Motion is granted under:
   a. ☒ 11 U.S.C. § 362(d)(1)
   b. ☒ 11 U.S.C. § 362(d)(2)
   c. ☐ 11 U.S.C. § 362(d)(3)
   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:
      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or
      (2) ☐ Multiple bankruptcy cases affecting the Property.
      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.
      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit ____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                                    F 4001-1.RFS.RP.ORDER

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☒ Other (*specify*): The Court incorporates its oral findings of fact and conclusions of law as set forth in the record at the hearing into the Order. The Court further finds that this bankruptcy case was filed in bad faith and thus cause exists for relief from stay under 11 U.S.C. §362(d)(1).

###

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 3                                F 4001-1.RFS.RP.ORDER

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor must make regular monthly payments in the amount of $_____ commencing *(date)* _____. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

3. ☐ The Debtor must cure the postpetition default computed through _____ in the sum of $_____ as follows:

   a. ☐ In equal monthly installments of $_____ each commencing *(date)* _____ and continuing thereafter through and including *(date)* _____.

   b. ☐ By paying the sum of $_____ on or before *(date)* _____,

   c. ☐ By paying the sum of $_____ on or before *(date)* _____,

   d. ☐ By paying the sum of $_____ on or before *(date)* _____,

   e. ☐ Other *(specify)*:

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
   The disclosure statement must be approved on or before *(date)* _____
   The plan must be confirmed on or before *(date)* _____

6. ☐ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☐ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of *(number)* _____ notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 4                                             F 4001-1.RFS.RP.ORDER

Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☐ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☐ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☐ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (*specify*):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 5    F 4001-1.RFS.RP.ORDER

**EXHIBIT "A"**

Guarantee No.: 05934943

# EXHIBIT A

All that certain real property situated in the County of Ventura, State of California, described as follows:

PARCEL 1:

That portion of the Northwest quarter of the Northeast quarter of Section 16, Township 1 South, Range 20 West, San Bernardino Meridian, in the County of Ventura, State of California, according to the Official Plat of said land, described as follows:

COMMENCING at the Northwest corner of the Northwest quarter of the Northeast quarter of said Section 16;

Thence along the Northerly line of said Section 16, North 89 degrees 46 minutes 45 seconds East 533.30 feet to a point in the Southwesterly line of Pacific View Road 60.00 feet wide, as said road is described in Deed to Ventura County, recorded in Book 393, Page 63 of Official Records;

Thence along said Pacific View Road South 44 degrees 26 minutes 15 seconds East 42.73 feet to the beginning of a tangent curve, concave Northeasterly having a radius of 830.00 feet and a central angle of 21 degrees 35 minutes 00 seconds;

Thence along said curve Southeasterly 312.67 feet;

Thence South 66 degrees 01 minutes 15 seconds East 376.16 feet;

Thence leaving said Road South 12 degrees 32 minutes 52 seconds West 27.22 feet;

Thence South 36 degrees 14 minutes 18 seconds West 564.63 feet to the TRUE POINT OF BEGINNING; thence

1st: - North 36 degrees 14 minutes 18 seconds East 564.63 feet; thence

2nd: - North 12 degrees 32 minutes 52 seconds East 27.22 feet to the above described Pacific View Road; thence along said Road

3rd: - North 66 degrees 01 minutes 15 seconds West 20.41 feet; thence

4th: - South 12 degrees 32 minutes 52 seconds West 27.07 feet; thence

5th: - South 36 degrees 14 minutes 18 seconds West 563.10 feet; thence

6th: - South 21 degrees 01 minutes 46 seconds West 13.78 feet; thence

7th: - North 73 degrees 13 minutes 05 seconds West 826.19 feet to a point in the Westerly line of said Northwest quarter of the Northeast quarter of Section 16, thence along said Westerly line

8th: - South 0 degrees 50 minutes 28 seconds East 718.57 feet to the Southwest corner of said Northwest quarter of the Northeast quarter of Section 16; thence

CLTA Guarantee Form No. 22  (03/03/2011)
Trustee's Sale Guarantee                                                                    5

Guarantee No.: 05934943

along the Southerly line of said Northwest quarter of the Northeast quarter of Section 16

9th: - North 89 degrees 29 minutes 09 seconds East 624.50 feet to a point in a line which bears South 20 degrees 30 minutes 32 seconds West 509.85 feet from the true point of beginning; thence

10th: - North 20 degrees 30 minutes 32 seconds East 509.85 feet to the TRUE POINT OF BEGINNING.

Except therefrom the minerals, oil, gas, and other hydrocarbon substances lying below the surface of said land.

PARCEL 2:

A non-exclusive easement for road and utility purposes over a strip of land, 20.00 feet wide, lying within a portion of the Northwest quarter of the Northeast quarter of Section 16, Township 1 South, Range 20 West, San Bernardino Meridian, in the County of Ventura, State of California, according to the Official Plat of said land, lying equally on each side of the following described centerline:

COMMENCING at the Northwest corner of the Northwest quarter of the Northeast quarter of said Section 16;

Thence along the Northerly line of said Section 16, North 89 degrees 46 minutes 45 seconds East 533.30 feet to a point in the Southwesterly line of Pacific View Road 60.00 feet wide, as said Road is described in Deed to Ventura County, recorded in Book 393, Page 63 of Official Records;

Thence along said Pacific View Road South 44 degrees 26 minutes 15 seconds East 42.73 feet to the beginning of a tangent curve, concave Northeasterly having a radius of 830.00 feet and a central angle of 21 degrees 35 minutes 00 seconds;

Thence along said curve Southeasterly 312.67 feet;

Thence South 66 degrees 01 minutes 15 seconds East 376.16 feet;

Thence leaving said Road South 12 degrees 32 minutes 52 seconds West 27.22 feet;

Thence South 36 degrees 14 minutes 18 seconds West 412.72 feet to the TRUE POINT OF BEGINNING; thence

1st: - South 13 degrees 56 minutes 40 seconds West 85.00 feet; thence

2nd: - South 44 degrees 50 minutes 00 seconds West 37.00 feet; thence

3rd: - South 66 degrees 00 minutes 00 seconds West 50.00 feet, to a point in the ninth course of the hereinbefore described Parcel 1.

Except any portion thereof lying within Parcel 1 above.

PARCEL 3:

CLTA Guarantee Form No. 22 (3/3/11)
Trustee's Sale Guarantee

Guarantee No.: 05934943

An easement for reasonable slope rights over the land described below for the construction of a road over Parcel 1:

That portion of the Northwest quarter of the Northeast quarter of Section 16, Township 1 South, Range 20 West, San Bernardino Meridian, in the County of Ventura, State of California, according to the Official Plat of said land, described as follows:

BEGINNING at the Northwest corner of the Northwest quarter of the Northeast quarter of said Section 16;

Thence along the Northerly line of said Section 16, North 89 degrees 46 minutes 45 seconds East 533.30 feet to a point in the Southwesterly line of Pacific View Road 60.00 feet wide, as said Road is described in Deed to Ventura County, recorded in Book 393, Page 63 of Official Records;

Thence along said Pacific View Road South 44 degrees 26 minutes 15 seconds East 42.73 feet to the beginning of a tangent curve, concave Northeasterly having a radius of 830.00 feet and a central angle of 21 degrees 35 minutes 00 seconds;

Thence along said curve Southeasterly 312.67 feet;

Thence South 66 degrees 01 minutes 15 seconds East 355.75 feet;

Thence leaving said Road South 12 degrees 32 minutes 52 seconds West 27.07 feet;

Thence South 36 degrees 14 minutes 18 seconds West 563.10 feet;

Thence South 21 degrees 01 minutes 46 seconds West 13.78 feet;

Thence North 73 degrees 13 minutes 05 seconds West 826.19 feet to a point in the Westerly line of said Northwest quarter of the Northeast quarter of Section 16;

Thence along said Westerly line North 0 degrees 50 minutes 28 seconds West 605.28 feet to the POINT OF BEGINNING.

**Note:** For information purposes only, the purported street address of said land as determined from the latest County Assessor's Roll is:

10936 PACIFIC VIEW RD, MALIBU, California

The Assessor's Parcel Number, as determined from the latest County Assessor's Roll is:

700-0-010-435

An inspection of said land has not been made, and no assurances are hereby given or implied as to the location of the land herein described.

CLTA Guarantee Form No. 22 (3/3/11)
Trustee's Sale Guarantee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
924 Anacapa Street, Suite 1M, Santa Barbara, CA 93101

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF LODGMENT ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. 362 (REAL PROPERTY)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/7/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeffrey D Cawdrey**   jcawdrey@grsm.com, jmydlandevans@grsm.com;madeyemo@gordonrees.com;sdurazo@grsm.com
- **Brian D Fittipaldi**   brian.fittipaldi@usdoj.gov
- **Karen L Grant**   kgrant@silcom.com
- **Coby Halavais**   coby@halavaislaw.com
- **Sejal Parmar**   sparmar2@aissolution.com
- **Todd L Turoci**   mail@theturocifirm.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/7/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/7/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Honorable Deborah J. Saltzman**
**United States Bankruptcy Court**
**Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1634 / Courtroom 1639**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/7/2018 | Karen L. Grant | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

Service List

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              **F 9013-3.1.PROOF.SERVICE**

In re Corp Realty USA LLC
9:18-bk-10741-DS

Corp Realty USA LLC
9663 Santa Monica Blvd., #590
Beverly Hills, CA 90210

BofI Federal Bank
Attn: Gregory Garrabants, CEO
4350 La Jolla Village Dr., Ste 140
San Diego, CA 92122

Ventura County Tax Collector
800 South Victoria Avenue
Ventura, CA 93009

Edgard A. Meinhardt Iturbe
Reinaldo E. Gonzalez Suarez
9663 Santa Monica Blvd. #590
Beverly Hills, CA 90210

Franchise Tax Board
Bankruptcy Section MS:A-340
P.O. Box 3952
Sacramento, CA 95812-2952

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE